UNITED STATES CASUALTY COMPANY, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, JOAQUÍN CORREA SUÁREZ, JUDGE, Respondent; STATE INSURANCE FUND, Intervener.

No. 2858.     Decided March 4, 1963.

*Emilio de Aldrey* for petitioner.   *Donald R. Dexter* and *R. Rivera Genaro* for intervener.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM.

United States Casualty Company, petitioner herein, issued an insurance policy to answer for the damages that could be caused to third persons as a result of the operation of a Chevrolet automobile, license plate No. P-47-337, engaged in the public transportation of passengers and owned by Guillermo Ramírez, the insurer's public liability being limited to $925 for one person and to $2,500 for one accident. The insurance was in force on November 9, 1956.

In the morning of that day the insured automobile operated by chauffeur Antonio Vázquez Millán was traveling on state highway No. 2, along the stretch of the ward of Jacaná of Yauco, transporting passengers René Feliú Milán, Luis A. Santana Rivera, Miguel A. Rosado Torres, Nelson Morales Cordero, and Pedro López Torres.   Another pickup Chevrolet automobile owned by the Puerto Rico Water Resources Authority, operated by its chauffeur and employee Silvestre Nieves Vázquez, in which another employee of that entity named Jovino Luna Torres was riding, was also traveling at

that moment on the same stretch of the road, in the opposite direction.

Both automobiles were involved in an accident as a result of which chauffeur Antonio Vázquez Millán and the five passengers of automobile P-47-337, owned by Guillermo Ramírez, and also the Authority employees Silvestre Nieves Vázquez and Jovino Luna Torres were injured.

On the 22d day of the said month of November Guillermo Ramírez and his chauffeur Antonio Vázquez Millán sent a report of the accident to the insurance company. On January 15, 1957 copy of the report of the Commonwealth Police was sent to the insurance entity, at its request, according to which the injured persons were Silvestre Nieves Vázquez and Jovino Luna Torres and also the five passengers and the chauffeur of Ramírez' public-service automobile.

At some later date the Authority reported the accident to the State Insurance Fund as respects its employees Silvestre Nieves Vázquez and Jovino Luna Torres. Both employees received treatment in the State Fund. As a result of the accident Jovino Luna Torres received lacerations and contusions on different parts of the body and a wound on the left cheek which left a depressed oblique scar causing 20 per cent disfigurement. Silvestre Nieves Vázquez suffered a contusion on the left knee producing permanent partial disability consisting in the loss of 15 per cent of the physiological functions of the left leg at the knee.

The Insurance Fund paid to employee Jovino Luna Torres $111.50 for unearned wages, hospitalization and medical assistance, and to Silvestre Nieves Vázquez the sum of $1,342.81. In the case of Jovino Luna Torres the Manager of the Fund entered a decision which became final on June 12, 1957, and another in the case of Silvestre Nieves Vázquez which became final on June 20, 1957.

Late in 1956 passengers René Feliú Milán, Luis A. Santana Rivera, Miguel A. Rosado Torres, Nelson Morales Cordero and Pedro López Torres, who were riding in Guillermo

Ramírez' public-service automobile, filed in the Superior Court, Ponce Part, a claim against Guillermo Ramírez and his insurer, United States Casualty Company, for damages sustained as a result of the accident in question, and in the middle of 1957 Antonio Vázquez Millán also filed in the Ponce Part of that court an action for damages, and by reason of the same accident, against his employer, Guillermo Ramírez, and the insurance company. The United States Casualty Company was summoned in both actions as a party codefendant and a sort of record was opened by that company for each claimant. On September 9, 1957 Guillermo Atiles Moréu, in his capacity of Manager of the State Insurance Fund subrogated in the rights of laborers Silvestre Nieves Vázquez and Jovino Luna Torres and availing himself of the provisions of § 31 of the Workmen's Accident Compensation Act, as amended by Act No. 70 of 1955 (Sess. Laws, p. 258), filed an action in the San Juan Part of the Superior Court against Guillermo Ramírez, Antonio Vázquez Millán, and United States Casualty Company seeking judgment for $5,454.31, to be apportioned as follows: $1,454.31 for the State Insurance Fund, $2,000 for laborer Jovino Luna Torres, and $2,000 for the other laborer, Silvestre Nieves Vázquez.

On September 25, 1957, or 16 days after the aforesaid complaint of the State Insurance Fund was filed, the six plaintiffs before the Ponce Part of the Superior Court and the United States Casualty Company compromised the claims made in said court for the automobile accident which occurred on November 9, 1956, as a result of which different sums were paid to them for the damages sustained up to $2,500, the total amount for one accident under the policy mentioned at the outset.

The insurer United States Casualty Company was summoned on October 23, 1957 in the action for damages brought against it by the Manager of the State Insurance Fund before the San Juan Part of the Superior Court. It filed its

answer in the case on the following November 18 alleging as special defenses the following:

"SPECIAL DEFENSES.—1. That the policy covering the vehicle referred to in the complaint contains a public liability limit of $925 for one person and $2,500 for one accident.

"2. That as a result of this same accident Mr. Luis Negrón López filed in the Superior Court of Ponce a claim for damages, civil case No. CS–56–2587, in the name of injureds René Feliú Milán, Nelson Morales Cordero, Pedro López Torres, Luis A. Santana Rivera, and Miguel A. Rosado Torres, and Mr. S. L. Lagarde Garcés filed another claim for damages, civil case No. 57–1716, in the name of Antonio Vázquez Millán, which claims were compromised for the total amount of the policy.

"3. That codefendant insurance company never had any knowledge of the existence of other claimants in connection with the accident in which the cases mentioned above were compromised.

"4. That such compromise was made in good faith, and that in view of the seriousness of the injuries it was necessary to exhaust the total amount of the policy limit.

"5. That since the total amount of the policy limit was exhausted, the company could not make any payment for such claims made at this time in the complaint in above-entitled case.

"WHEREFORE, the appearing party respectfully prays this Hon. Court to render judgment dismissing the complaint, with costs, expenses and attorney's fees on plaintiffs."

After several incidents the case was set for trial and when it was called for such purpose the parties agreed that the hearing would cover only the propriety of the defenses alleged by the insurance company; that is, briefly, whether the insurer was bound to compensate the damages caused to the Authority laborers, Silvestre Nieves Vázquez and Jovino Luna Torres, notwithstanding the policy limit had been exhausted by the payments made to the injured passengers who sued before the Ponce Part of the Superior Court. The hearing having been held and the question submitted for determination, the San Juan Part of the Superior Court entered an order on February 20, 1961 ruling "that codefendant

United States Casualty Company is liable, by reason of its action toward coplaintiffs Silvestre Nieves Vázquez and Jovino Luna Torres, for the amounts found to be warranted at the proper time by the evidence heard on the damages sustained by them in the accident."

Subsequently a motion for reconsideration was filed and denied.

To review that order, at the request of the United States Casualty Company we issued a writ of certiorari.

Petitioner alleges that the trial court committed the following error:

"Petitioner believes that in entering said order the Superior Court erred in that there was no evidence before that court that the compromises made by the insurance company were made in bad faith for the sole purpose of injuring the rights of other persons who may have an interest under the said insurance policy, and that the court also erred in holding that, notwithstanding the fact that the entire policy limit had been exhausted, plaintiffs Silvestre Nieves Vázquez and Jovino Luna Torres are entitled to compensation, if any is awarded, under the same insurance policy covering the vehicle."

In our opinion, the order of the trial court appealed from is correct. By the reports received in November 1956 and January 1957, United States Casualty Company had full knowledge of the occurrence of the accident and that laborers Silvestre Nieves Vázquez and Jovino Luna Torres were among the eight persons injured. From the complaints filed in the Ponce Part in 1956 and in the middle of 1957 we assume that it also had reports on the persons involved in and possibly affected in some way by the accident.

The trial court made, among others, the following findings:

"Although it is true that the evidence discloses that codefendant United States Casualty Company was summoned on October 23, 1957 in the claims of coplaintiffs Silvestre Nieves Vázquez and Jovino Luna Torres, it is no less true that by Septem-

ber 9 and September 25 the potential claim cases of these co-plaintiffs had been opened on codefendant's books.

"In the light of the evidence heard in this case, we believe that codefendant United States Casualty failed to consider carefully the situation involved in the possible claim of these coplaintiffs at the time of compromising with the other persons injured in the accident. We believe that the compromises made with the claimants represented by the attorneys (the attorneys who represented plaintiffs before the Superior Court, Ponce Part) should have taken into consideration the determination of co-defendant's liability and the possible participation in the total amount of the policy which guaranteed and insured the vehicle owned by the other codefendants so as not to injure the rights which were clearly known to codefendant United States Casualty Company. We believe that the action of codefendant United States Casualty Company in compromising with the other laborers amounts to a prejudicial action and lack of knowledge of the rights clearly recognized to coplaintiffs, according to co-defendant's entire evidence."

According to the testimony of the Head of the Claims Division of the insurance company, the "special reason" which the company had to compromise with the passengers and the chauffeur and not with the Authority laborers was that "the former made the approach, acted first, and the claims were handled as they came in." Tr. Ev. 29. On the other hand, the very testimony of petitioner's high-ranking employee showed that little effort was made in the course of the investigation of the cases covered by this class of insurance and in the performance of its obligations under the policy.[1]

---

[1] We copy the following from pp. 38 and 39 of the Transcript:

"Q. In your investigation, did you see the witnesses of the car which collided with the public–service car?

"A. No, sir.

"Q. You never investigated them? Did you take depositions from them?

"A. No, sir.

"Q. From no witness?

"A. No, sir.

"Q. Am I to understand that you made those compromises with the clients represented by colleague Negrón López and colleague La-

Under the circumstances of this case, we fail to find any basis in law to decide that the payment made to the first claimants relieved the insurance company from compensating, within its policy limit, all the persons injured as a result of the operation of the insured automobile. Even if it had acted in good faith, such action is no reason to justify the nonperformance of the insurance as respects the laborers of the Water Resources Authority who, by provision of § 31 *supra*, could not sue in their own right after the Manager of the Fund had subrogated himself in their rights and made judicial claim. If the Manager had not made claim, their action accrued until September 1958.

The order appealed from of February 20, 1961 will be affirmed, the writ issued herein will be quashed, and petitioner United States Casualty Company is hereby ordered to continue, as codefendant, in the main action No. CS-57-5217, which shall continue its prosecution and in which codefendant's liability shall be determined under the terms of the policy at the proper time, as well as the participation, if any, in the policy corresponding to each litigant in the action brought by the Manager.

---

garde Garcés, without taking depositions and without investigating with the witnesses as to the manner in which the accident occurred?

"A. That's correct.

"Q. In other words, irrespective of whether the car insured by you or the other vehicle involved in the collision, or the other two vehicles, which one was responsible or not, you have no knowledge of that?

"A. The court knows...

"Q. Answer the question.

"A. We had to pay whether or not it was responsible.

"Q. I do not understand it that way. That's all.

"*Mr. Aldrey:*

"Q. You say that no investigation was made. What procedure was followed under this policy in this type of cases with respect to claims?

"A. We can not make investigations because if we make investigations in so many cases presented to us we would need a staff of 50 employees."